United States District Court
Southern District of Texas
**ENTERED**
December 04, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| MUSHARBASH, | |
| Plaintiff, | |
| v. | Case No.: 4:25-cv-00116 |
| U.S. ANESTHESIA PARTNERS, INC., | |
| Defendant. | |

### ORDER AND STIPULATED PROTOCOL FOR EXPERT DISCOVERY

The parties through their respective counsel ("Counsel"), stipulate to the following regarding expert discovery in this matter (the "Litigation").

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. **Scope of Protocol**

   1.1. This Order and Stipulated Protocol for Expert Discovery ("Expert Protocol") shall apply to discovery related to all testifying experts ("Experts") in this Litigation and to all Expert depositions.

   1.2. Except as provided otherwise in this Expert Protocol, expert discovery shall be governed by the Federal Rules of Civil Procedure. Notwithstanding the foregoing, nothing in this Expert Protocol is intended, or should be construed, to permit discovery or depositions of consulting, or otherwise non-testifying, experts.

   1.3. To the extent this Expert Protocol imposes limitations on discovery that would not otherwise be imposed under the Federal Rules of Civil Procedure or this Court's orders, the parties have agreed to these limitations to increase the efficiency of their dealings

with Experts and to minimize discovery disputes regarding Experts. Neither the terms of this Expert Protocol nor the parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by this Expert Protocol would otherwise be discoverable or admissible.

2. **Scope of Expert Discovery**

   2.1. <u>Exemptions from Discovery</u>. Except as provided in Sections 2.2, 2.3, and 2.4, the following types of information shall *not* be the subject of any form of discovery:

      a.  The content of oral, written, or other communication or work product among and between:

          i.    Counsel, including Counsel's staff, agents, or employees, and an Expert or their staff, assistants, or supporting firm(s);

         ii.    an Expert and their staff, assistants, or supporting firm(s);

        iii.    an Expert and the staff, assistants, or supporting firm(s) of any other Expert proffered by the same party; and/or

        iv.    the respective staff, assistants, or supporting firm(s) of any Experts proffered by the same party.

      b.  Notes; preliminary or non-final calculations, computations, or other data runs; and other types of preliminary work created by, for, or at the direction of an Expert in connection with the Litigation (aside from the final written Expert report(s)), including copies of documents produced by any party bearing the notes, markings, or comments of any of the following persons or their staff or agents: the Expert, the Expert's staff, assistants, and/or supporting firm(s), or Counsel, unless they constitute the only record of a fact, data, or an assumption relied upon by the Expert

in formulating an opinion in the Litigation that is disclosed pursuant to Federal Rules of Civil Procedure 26(a)(2) or 26(b)(4); and

c.  Drafts, including without limitation, draft Expert reports, analyses, studies, opinions, declarations, affidavits, exhibits, written testimony, or other work product prepared by, for, or at the direction of an Expert.

2.2.  <u>Bases for Opinions</u>. The limitations contained in Section 2.1 shall not apply to any material, data, information, or assumption (any of which are provided to the Expert by Counsel) on which an Expert relies as a basis for any of their opinions or reports and that is required to be disclosed under the Federal Rules of Civil Procedure.

2.3.  <u>Rates, Time Worked & Amount Billed</u>. The limitations contained in Section 2.1 shall not prevent the parties from examining an Expert regarding (a) the hourly rates of the Expert and their staff, (b) the amount of time that an Expert or their staff has spent on their report and associated work in this Litigation, and (c) the total amount billed for the Expert's report and associated work in this Litigation, except that time entry narratives describing the work performed are not discoverable.

2.4.  <u>Alternative Methodologies.</u>  During a deposition, the parties may examine any Expert— to the extent permitted by Federal Rule of Civil Procedure 26—regarding any alternative analyses, testing methods, or approaches to the issues on which an Expert is testifying that such Expert (a) could have used in forming the opinions expressed but did not consider, or (b) considered but did not rely upon in forming the opinions expressed.  Notwithstanding anything in this Protocol to the contrary, an Expert may be examined about communications with counsel to the extent permitted by Federal Rule

of Civil Procedure 26(b)(4)(C). Nothing in this Section 2.4 makes discoverable any information that would otherwise be protected from discovery under Rule 26.

2.5. Except as limited in Section 2.1, any party may take discovery of all other documents and information provided for in this Expert Protocol, Fed. R. Civ. P. 26(a)(2)(B), and/or any other applicable rule or law.

## 3. Backup Materials

3.1. <u>Required Backup Materials.</u> Within three (3) business days of any party serving any Expert report and/or Expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the party or parties proffering the Expert shall produce:

    a. the documents, data, or other information relied upon by the Expert in forming their opinions;

    b. any other materials (including, but not limited to, analyses, spreadsheets, graphs, calculations, and charts) relied upon by the Expert;

    c. any exhibits that summarize or support the Expert's opinions in the report or declaration;

    d. a list of all commercially-available computer programs used in the preparation of the Expert report;

    e. a copy of any customized statistical software or other customized computer programs used by the Expert in the course of preparing the Expert report;

    f. a description of how each program and original data set was used to create a final data set; and

    g. a description of the purpose and format of each data file and program file with instructions on how replication can be conducted.

3.2. <u>Other Disclosures.</u> Materials considered by the Expert on which the Expert does not rely in formulating opinions in this Litigation need not be disclosed. All other disclosures required by Fed. R. Civ. P. 26(a)(2)(B) shall be served at the same time as the Expert's report.

3.3. <u>Production of Backup Materials.</u> The information required by Section 3.1 shall be produced electronically (via email or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an Expert relies for any of their opinion(s) in this Litigation shall be provided in machine readable format, including any data that have been cleaned, reformatted, or modified in any way from the form in which they may have been provided to the Expert. If data has been cleaned, reformatted or modified, the Expert shall provide a description of the steps taken to clean, reformat, or modify the data and, upon request, provide the data in the original form produced to the Expert. Documents that are publicly available need not be produced if they are available online for free at an internet address identified in the Expert's report/declaration. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

4. **Expert Depositions**

4.1. <u>Scheduling Procedure.</u> The parties agree to meet and confer regarding modifications to the expert discovery deadline and/or the deadline for class certification and related Daubert briefing as needed to accommodate depositions of Experts.

4.2. <u>No Subpoenas Necessary.</u> No subpoenas for depositions or documents need or may be served on any Expert from whom a report or declaration is provided. Instead, the party proffering such Expert shall (a) produce all materials and information as required by the

Federal Rules of Civil Procedure or this Expert Protocol, and (b) make the Expert available for deposition at a date and time mutually agreed to by the parties and consistent with this Expert Protocol and the Court's Scheduling Orders.

5. **Costs**. Each party shall be responsible for all costs and expenses incurred by their own Experts. The party requesting discovery of an Expert, including but not limited to noticing a deposition of an Expert, shall not be required to pay any fees for the Expert's time.

6. **Materials Relied Upon or Otherwise Discoverable**. Nothing in this Expert Protocol shall permit a party or an Expert to withhold any proposition, fact, belief, or other data, information, or material (including any assumption) on which the Expert relies in support of their opinion(s) in this Litigation or that is otherwise discoverable by order of the Court.

**For Plaintiff:**

_/s/ Barrett H. Reasoner_
Barrett H. Reasoner (Attorney in Charge)
Federal ID No. 14922
State Bar No. 16641980
Brice Wilkinson
Federal ID No. 1277347
State Bar No. 24075281
**GIBBS & BRUNS LLP**
1100 Louisiana, Suite 5300
Houston, TX 77002
Phone: (713) 751-5244
breasoner@gibbsbruns.com
bwilkinson@gibbsbruns.com

Kellie Lerner (Pro Hac Vice)
Harrison McAvoy (Pro Hac Vice)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, Fl. 19
New York, NY 10122
Phone: (646) 960-8608
kellie@scl-llp.com
harrison@scl-llp.com

Keagan H. Potts (Pro Hac Vice)
**SHINDER CANTOR LERNER LLP**
600 14th St. NW, 5th Fl.
Washington, DC 20005
Tel.: (646) 960-8601
Fax: (646) 960-8625
kpotts@scl-llp.com

Kimberly A. Justice (Pro Hac Vice)
**FREED KANNER LONDON &
MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Phone: (224) 632-4500
kjustice@fklmlaw.com

Robert J. Wozniak (Pro Hac Vice)
**FREED KANNER LONDON &
MILLEN LLC**
100 Tri-State International Drive, Suite 128
Lincolnshire, IL 60069

**For Defendant:**

_/s/ Geoffrey M. Klineberg_
Geoffrey M. Klineberg* (D.C. Bar No.
444503)
Attorney-in-Charge
Kenneth M. Fetterman* (D.C. Bar No.
474220)
Bradley E. Oppenheimer* (D.C. Bar No.
1025006)
**KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.**
1615 M Street NW, Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
*Admitted Pro Hac Vice

Karl S. Stern (TX Bar No. 19175665)
(Federal I.D. No. 04870)
Christopher D. Porter (TX Bar No.
24070437) (Federal I.D. No. 1052367)
Julianne Jaquith (TX Bar No. 24134925)
(Federal I.D. No. 3921126)
Melanie Guzman (TX Bar No.
24117175) (Federal I.D. No. 3745044)
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
700 Louisiana St., Suite 3900
Houston, TX 77002
Tel: (713) 221-7000
Fax: (713) 221-7100
karlstern@quinnemanuel.com
chrisporter@quinnemanuel.com
juliannejaquith@quinnemanuel.com
melanieguzman@quinnemanuel.com

David J. Beck (TX Bar No. 00000070)
(Federal I.D. No. 16605)
Garrett S. Brawley (TX Bar No.
24095812)
(Federal I.D. No. 3311277)
**BECK REDDEN LLP**
1221 McKinney Street, Suite 4500
Houston, TX 77010
Tel: (713) 951-3700

7

Phone: (224) 632-4500
rwozniak@fklmlaw.com

Justin S. Nematzadeh (Pro Hac Vice)
**NEMATZADEH PLLC**
101 Avenue of the Americas, Suite 909
New York, NY 10013
Phone: (646) 799-6729
jsn@nematlawyers.com

Fax: (713) 951-3720

*Counsel for Defendant U.S. Anesthesia
Partners, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:_____ NOV 2 4 2025

_____
Alfred H. Bennett
United States District Judge

8