IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELECTRICAL MEDICAL TRUST *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ANESTHESIA PARTNERS, INC. *et al.*, <br><br> Defendants. | Case No.: 4:23-cv-04398 |
| BASEL MUSHARBASH, <br><br> Plaintiff, <br><br> v. <br><br> U.S. ANESTHESIA PARTNERS, INC., <br><br> Defendant. | Case No.: 4:25-cv-00116 |

**Order and Stipulated Protocol Regarding Depositions**

Under Federal Rule of Civil Procedure 29, the parties to *Electrical Medical Trust et al. v. U.S. Anesthesia Partners, Inc. et al.*, No. 4:23-cv-04398 (S.D. Tex.) and *Basel Musharbash v. U.S. Anesthesia Partners, Inc.*, No. 4:25-cv-00116 (S.D. Tex.) (each a "Party," collectively the "Parties"), by and through their respective counsel, stipulate to the following regarding depositions in these actions.

The Parties enter into this stipulation with the request that the Court enter it as an order. Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

**I.     Definitions.**

    1.     "Attending Counsel" means legal counsel for a Party or for the Witness who is not Deposing Counsel or Defending Counsel, but who is attending a deposition.

    2.     "Defending Counsel" means legal counsel of the Party, Parties, or Nonparty defending a deposition in this Litigation. In the event a Nonparty Witness does not have counsel, then "Defending Counsel" means the Witness.

    3.     "Deposing Counsel" means the legal counsel of the Party or Parties noticing and taking a deposition in this Litigation. For clarity, Deposing Counsel does not include any legal counsel who does not notice or cross-notice a deposition but is afforded reasonable time to ask follow-up questions of the Witness.

    4.     "Employee" means any employee, executive, or board member of any Party or Nonparty.

    5.     "Noticing Party" means a Party that noticed a deposition of a Witness pursuant to Federal Rules of Civil Procedure ("FRCP") 27, 30, or 45.

    6.     "Party Deposition" means any deposition of (i) a current Employee of a Party; (ii) a former Employee of a Party that is represented by counsel for a Party; or (iii) a corporate designee of a Party under FRCP 30(b)(6).

    7.     "Platform" means any computer program, application, or other technology or combination of technologies that enables the Parties to conduct a Remote Deposition in accord with this Deposition Protocol.

    8.     "Remote Deposition" means any deposition by oral examination conducted using a Platform pursuant to FRCP 27, 30, or 45 where all the participants—including Deposing Counsel, Defending Counsel, Attending Counsel, the Witness, court reporter, or videographer—are not all physically present in the same location at the time the deposition is taken.

9. "Nonparty" and "Nonparty Witness" means any individual who is not a Party or a current or former Employee of a Party that is also represented by counsel for a Party; an individual who is a current or former Employee of an entity that is not a Party; and/or a corporate designee of an entity that is not a Party under FRCP 30(b)(6).

10. "Witness" means the person whose deposition has been noticed in this litigation or any person designated to appear to give testimony pursuant to FRCP 30(b)(6).

11. "FTC action" refers to the action captioned *Federal Trade Commission v. U.S. Anesthesia Partners, Inc.*, No. 4:23-CV-03560 (S.D. Tex.).

## II.     General Guidelines and Scope.

12. This Stipulation and Proposed Order Regarding Depositions ("Deposition Protocol") shall govern the taking of fact depositions in the above-captioned matter as a supplement to the Federal Rules of Civil Procedure and the United States District Court for the Southern District of Texas Local Rules. The Parties will address expert depositions in separately negotiated Expert Protocols.

13. This Deposition Protocol does not modify the governing rules for the taking of depositions imposed by the FRCP or the Federal Rules of Evidence except to the extent those rules are specifically modified herein.

14. Plaintiffs may collectively take up to a total of 160 hours of deposition record time of fact Witnesses, including both Party and Nonparty Witnesses. Defendants may take up to a total of 160 hours of deposition record time of fact Witnesses, including both Party and Nonparty Witnesses. The Parties agree that only time used on the record by each side at each deposition shall count toward the deposition limit. The parties agree that expert depositions shall not count towards the number of hours allotted for fact Witness depositions. The parties further agree that testimony taken in investigational hearings during the investigation in FTC File No.

3

201-0031 does not count towards the number of hours above, and either side may further depose Witnesses whose testimony was taken in investigational hearings during the investigation. Depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or Nonparty do not count toward the limit on depositions. These depositions must be designated as such at the time that the deposition is noticed and will be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means.

### III. Notice of Depositions.

15. Within 14 calendar days of receipt of a deposition notice or subpoena, the noticed Party or Nonparty must provide any objections it intends to assert in response to that deposition notice or subpoena, and, if relevant, an alternative date on which Witnesses will be made available for testimony that falls within 7 days before or after the notice date. Parties and Nonparties will use their best efforts to make Witnesses available for deposition at a mutually agreeable time and location and without undue delay. If a Witness is a former Employee of any Party or Nonparty, upon receipt of a deposition notice or subpoena for the former Employee, that Party or Nonparty shall, within 14 calendar days of receipt of the deposition notice or subpoena, provide the date of departure and last known address of the former Employee, state whether counsel for the Party or Nonparty can accept service of the notice, and state whether the counsel for the Party or Nonparty will be representing the Witness in connection with the deposition and, if not, provide the name and contact information for the Witness's counsel or state that counsel for the Party or Nonparty is unaware that the Witness is represented by counsel.

16. If a Party serves a request for production or subpoena for the production of documents or electronically stored information on a Party or Nonparty and a notice or subpoena commanding attendance at a deposition by a Witness employed by such Party or Nonparty, the

4

Party serving those notices or subpoenas must schedule the Witness's deposition for a date at least 14 calendar days after the return date for the document subpoena or request for production. If the return date for the document subpoena or request for production is extended, absent consent of all Parties, the deposition must be postponed to a date at least 14 calendar days following the date of production of substantially all documents required by the subpoena or request for production (as modified by any negotiations regarding subpoena compliance) (a) with respect to which the Witness is an author, addressee, recipient, or custodian; and (b) are contained in a shared filing location or other electronic or physical repository that the Witness accessed in the ordinary course of business. For a current or former Party Witness, the other Party noticing the deposition may elect to unilaterally waive the requirements of this paragraph.

17. For all Nonparty deposition notices, the Noticing Party shall attach to that notice, as well as to any subpoenas for Nonparty depositions: (i) a copy of any protective order entered by the Court ("Protective Order") and (ii) a copy of this Deposition Protocol. Within 7 days after receiving the deposition notice, the Nonparty may move the court for a protective order seeking relief from this Deposition Protocol. Failure to move within the time period waives any objections to the Deposition Protocol's requirements.

## IV. Allocation of Time During Depositions.

18. **Party Deposition of defendants' former or current Employees deposed in the FTC Action:** If one plaintiff notices a Party Deposition of a former or current Employee of defendants who was deposed in the FTC Action, the plaintiff may have no more than 2 hours to examine the Witness. If both plaintiffs notice the Witness, then plaintiffs collectively may have no more than 3 hours to examine the Witness. Plaintiffs collectively may select up to 5 former or current Employees of defendants who were deposed in the FTC Action, each of whom plaintiffs may collectively examine in a Party Deposition for up to 7 hours. The number or

5

length of Party depositions of defendants' former or current Employees deposed in the FTC Action may be modified upon a showing of good cause or by agreement of the Parties, and these limits do not apply to persons designated to provide expert testimony.

19.     **Party Deposition of defendants' former or current Employees not deposed in the FTC Action**:  If one or both plaintiffs notice a Party Deposition of a former or current Employee of defendants who was not deposed in the FTC Action, then plaintiffs collectively may have no more than 7 hours to examine the Witness.

20.     **Party Deposition of Plaintiffs' Witnesses**:  Defendants may conduct Party Depositions of plaintiffs' Witnesses, including former or current Employees or representatives of plaintiffs, for up to 7 hours.

21.     **Nonparty Witnesses**:  (a) if the deposition is noticed by only one Party, the non-noticing Party may question the Witness for up to 1 hour at the conclusion of the Noticing Party's direct examination, with the total deposition time lasting no more than 7 hours absent agreement by the Parties and Nonparty; (b) if the deposition is noticed by all Parties, then the deposition will be 7 hours and will be divided equally among the Parties.  Any time allotted to one Party not used by that Party in a Nonparty deposition may be used by the other Party.  Based on their experience under this Protocol and the needs of the Witness, (a) the Parties, or the Parties collectively and any Nonparty Witness, may agree or stipulate to modifications of this Deposition Protocol applicable to an individual deposition; or (b) the Parties may further stipulate and submit to the Court for its approval modifications to this Deposition Protocol.

**V.     Depositions Taken Pursuant to FRCP 30(b)(6).**

22.     This Section shall apply to any deposition taken pursuant to FRCP 30(b)(6).  If the deposition is of a Party, the Parties may, by consent of all Parties, modify or waive the

requirements of this section.  If the deposition is of a Nonparty, the Parties may, by consent of all Parties and the Nonparty, modify or waive the requirements of this section.

23.	A Party that seeks to take a FRCP 30(b)(6) deposition shall comply with the notice provisions in FRCP 30(b)(6).  Each Party, or Nonparty, whose deposition is sought pursuant to FRCP 30(b)(6), shall be required to identify the corporate representative(s) assigned to testify to each matter for examination, at least 5 days in advance of the deposition.

24.	The Noticing Party may depose for up to 7 hours of record time any person designated as a corporate representative pursuant to FRCP 30(b)(6).  In the event that a Party or Nonparty believes it is likely to designate a fact Witness who is the subject of a deposition notice or subpoena as a FRCP 30(b)(6) representative, or in the event that counsel on either side become aware that a Witness who has been designated as a FRCP 30(b)(6) designee is likely to be deposed in their individual capacity, the Parties, and Nonparty if applicable, will use their best efforts to coordinate to avoid unnecessary multiple depositions of the same Witness.  The Parties, and Nonparty if applicable, shall meet and confer in good faith regarding appropriate and reasonable modifications to time limits for depositions of any Witnesses who will be deposed in both their individual and representative capacities.  A Party or Nonparty may designate an individual as a corporate representative for a deposition under FRCP 30(b)(6) whether or not the individual previously has been deposed, or may be deposed, as a fact Witness.

**VI.	Remote Depositions.**

25.	The Noticing Party shall control whether to conduct an in-person deposition or a Remote Deposition of any Witness, provided that the parties shall confer in good faith on scheduling the depositions to efficiently minimize travel and other costs.

26.	Counsel shall make best efforts to agree on a suitable time, date, and location for the deposition, provided that an in-person deposition should be held in the city where the

Witness is located or in a location agreed by the Parties and the Witness. If an in-person deposition is held, the Noticing Party shall make reasonable accommodations, including the use of a Platform, to enable remote attendance.

27. For Remote Depositions, the "place of examination" as used in FRCP 28(a)(1)(A) is the physical location of the Witness.

28. A Remote Deposition will be deemed to have been conducted "before an officer" as required by FRCP 30(b)(5)(A) so long as that officer attends the deposition via the same Platform used to connect all other deposition participants, and so long as the Deposing Counsel, Defending Counsel, the Witness, the court reporter, and the officer can clearly hear and be heard by all other deposition participants.

29. The requirements of FRCP 45(c)(1)(A) shall be waived for Remote Depositions of Nonparties conducted pursuant to FRCP 45.

30. The Parties agree that video recordings and transcripts of Remote Depositions may be used and relied upon to the same extent that a video recording or transcript of an in-person deposition may be used or relied upon, and hereby expressly waive their right to object to any testimony given during a Remote Deposition based solely on the fact that the deposition was taken using remote means.

31. Nothing in this Deposition Protocol shall prohibit Defending Counsel from being physically present with a Witness during a Remote Deposition.

32. All persons attending a Remote Deposition shall identify themselves for the record at the beginning of the Remote Deposition or when they enter the Remote Deposition. Deposing Counsel, Defending Counsel, and (if necessary) the Nonparty shall enable both an audio and video connection at all times during a Remote Deposition. The video shall remain

active, with the camera turned on, at all times during a Remote Deposition. Attending Counsel who do not intend to speak on the record need not enable video connection during the Remote Deposition and shall remain on mute.

33. Anyone who is physically present in the same room as the Witness, other than a non-attorney providing technical assistance to the Witness, must be logged onto the Platform with a separate video connection or otherwise be viewable by a camera at all times during the course of the Remote Deposition. When on the record during a Remote Deposition, the Witness may not communicate with any person, except through the Platform, by any means, including through gestures, handwritten communications, email, chat, instant messaging, or text messaging. The Platform for a Remote Deposition will be configured such that any private chat feature is disabled. Breakout room features may be enabled only for breaks and recesses off the record. Conversations in the breakout rooms shall not be recorded.

34. When on the record during a deposition, the Witness may not review, read, have before them, or otherwise access any document or other outside source of information, including email, text, web pages, social media, video, audio, or any other material, except documents presented to the Witness as exhibits during the deposition, without the express consent of all counsel for all Parties. With the exception of hardware necessary to view exhibits introduced during the deposition, the Witness will not have before them any hardware, such as a mobile phone or tablet, that is not required to participate in the deposition and will close all other windows or programs on any device other than software required to participate in the deposition.

**VII. Logistics and Technology.**

35. Unless otherwise agreed, the Deposing Counsel is responsible for retaining, and covering the cost of, the court reporter, videographer, and any other vendor retained to assist with the deposition and needed to comply with this Deposition Protocol. For any Nonparty

deposition where both sides have noticed the deposition, the Parties will meet and confer, if necessary, regarding which vendor(s) to use and will split the costs evenly for the deposition services that they both request, and the Party noticing the deposition first will be entitled to select the Platform.

36. The Parties agree to share deposition transcripts received from the court reporter among all Parties upon request by any Party.

37. Any Platform must allow for the court reporter to record accurately, and for all participating counsel and the court reporter to hear and see, the Witness, Deposing Counsel, Defending Counsel, Attending Counsel, and any exhibits that are introduced on the Platform during the Remote Deposition.

38. Each Noticing Party shall identify the Platform they have selected to conduct any Remote Depositions they notice at least 21 days prior to the scheduled date of the first Remote Deposition they have noticed. If any Noticing Party elects to use a different Platform at a later date, the Noticing Party shall identify the new Platform as soon as possible and no later than 7 days before the Platform will first be used in a Remote Deposition.

39. The first Noticing Party shall be responsible for arranging the taking of a Remote Deposition and ensuring that email invitations to attend the deposition remotely are sent to the Witness and participating attorneys.

40. Deposition participants are responsible for ensuring they have the proper hardware, software, and other equipment to participate in any Remote Deposition. Deposing Counsel and Defending Counsel respectively shall be responsible for ensuring that they have means of communicating with co-counsel or the Witness, as appropriate, during breaks in the

deposition. The Parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communicating among co-counsel during the deposition.

41. If technical difficulties result in the inability of Deposing Counsel, Defending Counsel, or the Witness to receive the audio or video feed of a Remote Deposition or to share or access exhibits electronically during the Remote Deposition, counsel shall note any such interruption on the record and the deposition shall be suspended. If the court reporter indicates that they are unable to transcribe the deposition due to technical difficulties, the Remote Deposition shall be suspended, and the court reporter shall mark the interruption on the record.

42. Any time spent, whether on or off the record, dealing with technical issues or other issues unique to the taking of the Remote Deposition shall not count against the individual or total deposition time limits.

43. In the event of technical difficulties, counsel must immediately meet and confer to determine whether a deposition can proceed or should be continued to a future date. If technical difficulties make the completion of a deposition impracticable, the deposition shall resume at the earliest, mutually convenient opportunity.

44. Upon the resolution of technical difficulties, any portion of the Remote Deposition that has been transcribed while Defending Counsel or Deposing Counsel experienced technical difficulties must be re-read, and the disconnected counsel must be given an opportunity to object to any questions or answers that occurred in their absence.

**VIII. Exhibits.**

45. Pursuant to FRCP 30(f)(2), Deposing Counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at a deposition can be shown to the Witness in a manner that enables the Witness, court reporter, the videographer, and Defending Counsel to review the exhibits in their entirety during the course of the deposition and the ability to

download the exhibit when it is introduced remotely via the Platform. If Defending Counsel cannot access a complete copy of an exhibit during a deposition, Defending Counsel shall so state on the record, and any objections that could have been made had Defending Counsel had a complete copy of the exhibit are preserved and may be asserted by serving notice of such objections within 24 hours of receiving the complete exhibit from Deposing Counsel.

46. Within 3 business days after the deposition, the Witness shall confirm to Defending Counsel and Defending Counsel will convey to Deposing Counsel that the Witness has destroyed any copies of exhibits that were retained after the deposition, including any electronic copies that were downloaded onto the Witness's device.

47. The Witness, Defending Counsel, and any persons affiliated with the Witness or Defending Counsel shall not review any exhibit until it is introduced as an exhibit by the Deposing Counsel.

48. Unless a Party chooses to use pre-marked exhibits, the court reporter shall be responsible for marking exhibits and ensuring that such marks are communicated to all participating attorneys and the Witness on the record during the deposition. If the Platform does not permit the court reporter to mark exhibits remotely, Deposing Counsel shall be responsible for marking exhibits and ensuring that such marks are communicated to the court reporter and Defending Counsel during or within 24 hours after a Remote Deposition. The court reporter will maintain the final, marked set of exhibits for each deposition. The examining attorney at an in-person deposition will bring four total paper copies of any exhibit to be marked, which includes the copies for the witness and defending counsel.

## IX. Confidentiality.

49. Certain deposition testimony and/or exhibits may involve information or documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with

12

the Protective Order. Only individuals permitted to have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL information, as discussed in the Protective Order, may be present or otherwise have access to testimony during any portion of examination that covers testimony or exhibits that are deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL.

## X. Objections.

50. All objections other than to the form of the question are preserved. Objections on matters not concerning privilege will be limited to "object to form."

51. When a privilege is asserted by Counsel, to the extent that the answer to a question includes some privileged information and some non-privileged information, the Witness shall provide the non-privileged information and the Witness or counsel shall note on the record that other information is being withheld pursuant to a privilege. Counsel may instruct a Witness not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under FRCP 30(d)(3).

## XI. Miscellaneous.

52. Notwithstanding the limits on deposition time set forth in Section IV, each side shall be afforded a reasonable opportunity to depose any person who is identified as a Witness in a pretrial order (or other similar pre-trial submission) but who was not previously deposed in this Litigation. Upon receiving notice of the identification of such a Witness, a Party shall have 5 days to notify the other Party of its intent to take any such protective depositions. A Party may not call any Witness to testify at trial if the opposing side has not been afforded a reasonable opportunity to depose the putative Witness no later than 2 weeks before trial.

53. In the event that the Parties do not reach agreement to modify this Deposition Protocol in a particular instance, each Party reserves its respective rights to move the Court for relief from or modification of any part of this Deposition Protocol.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their undersigned counsel of record, the Parties ask that the Court order.

**IT IS SO STIPULATED.**

Dated:  December 24, 2025

By: */s/ Geoffrey M. Klineberg*
Geoffrey M. Klineberg (D.C. Bar No. 444503) (Pro Hac Vice)
Attorney-in-Charge
Kenneth M. Fetterman (D.C. Bar No. 474220) (Pro Hac Vice)
Bradley E. Oppenheimer (D.C. Bar No. 1025006) (Pro Hac Vice)
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
gklineberg@kellogghansen.com
kfetterman@kellogghansen.com
boppenheimer@kellogghansen.com

Karl S. Stern (TX Bar No. 19175665) (Federal I.D. No. 04870)
Christopher D. Porter (TX Bar No. 24070437) (Federal I.D. No. 1052367)
Julianne Jaquith (TX Bar No. 24134925) (Federal I.D. No. 3921126)
Melanie Guzman (TX Bar No. 24117175) (Federal I.D. No. 3745044)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
700 Louisiana St., Suite 3900
Houston, TX 77002
Tel: (713) 221-7000
Fax: (713) 221-7100
karlstern@quinnemanuel.com
chrisporter@quinnemanuel.com
juliannejaquith@quinnemanuel.com
melanieguzman@quinnemanuel.com

By: */s/ Brendan P. Glackin*
Brendan P. Glackin (CA Bar No. 199643) (*pro hac vice*)
Attorney-In-Charge
Lin Y. Chan (CA Bar No. 255027) (*pro hac vice*)
Nimish Desai (TX Bar No. 24105238, S.D. Tex. Bar No. 3370303)
Jules A. Ross (CA Bar No. 348368) (*pro hac vice*)
Benjamin A. Trouvais (CA Bar No. 353034) (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
Fax: (415) 956-1008
bglackin@lchb.com
lchan@lchb.com
ndesai@lchb.com
jross@lchb.com
btrouvais@lchb.com

*Counsel for Electrical Medical Trust and Plumbers Local Union No. 68 Welfare Fund and the Proposed Class in the EMT Action*

By: */s/ Kellie Lerner*
Kellie Lerner (Pro Hac Vice)
Harrison McAvoy (Pro Hac Vice)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, Fl. 19
New York, NY 10122
Phone: (646) 960-8608
kellie@scl-llp.com
harrison@scl-llp.com

14

<div style="columns:2">

David J. Beck (TX Bar No. 00000070)
(Federal I.D. No. 16605)
Garrett S. Brawley (TX Bar No. 24095812)
(Federal I.D. No. 3311277)
BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, TX 77010
Tel: (713) 951-3700
Fax: (713) 951-3720
dbeck@beckredden.com
gbrawley@beckredden.com

*Counsel for Defendants U.S. Anesthesia Partners, Inc., U.S. Anesthesia Partners Holdings, Inc., and U.S. Anesthesia Partners of Texas, P.A.*

Keagan Potts (Pro Hac Vice)
**SHINDER CANTOR LERNER LLP**
600 14th St NW, 5th Fl.
Washington DC 20005
Phone: (646) 960-8627
kpotts@scl-llp.com

Barrett Reasoner
Brice Wilkinson
Federal ID No. 1277347
State Bar No. 24075281
**GIBBS & BRUNS LLP**
1100 Louisiana, Suite 5300 Houston, TX 77002
Phone: (713) 751-5244
breasoner@gibbsbruns.com
bwilkinson@gibbsbruns.com

Kimberly A. Justice  (Pro Hac Vice)
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Phone: (224) 632-4500
kjustice@fklmlaw.com

Robert J. Wozniak  (Pro Hac Vice)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International Drive, Suite 128
Lincolnshire, IL 60069
Phone: (224) 632-4500
rwozniak@fklmlaw.com

Justin S. Nematzadeh (Pro Hac Vice)
**NEMATZADEH PLLC**
101 Avenue of the Americas, Suite 909 New York, NY 10013
Phone: (646) 799-6729
jsn@nematlawyers.com

*Counsel for Basel Musharbash and the Proposed Class in the Musharbash Action*

</div>

**IT IS SO ORDERED.**

Dated: _____

_____
The Honorable Alfred H. Bennett
United States District Judge