United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| CHRISTY BURBAGE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. ANESTHESIA PARTNERS, INC., et al.<br><br>Defendants. | Case No. 4:25-cv-116 |

**JOINT STIPULATION CONCERNING DISCOVERY OF BASEL MUSHARBASH**

WHEREAS, on January 9, 2025, Basel Musharbash filed a complaint against Defendant U.S. Anesthesia Partners, Inc. ("USAP"), in the action styled as *Musharbash v. U.S. Anesthesia Partners, Inc.*, No. 4:25-cv-116, on behalf of himself and a putative class of others alleged to be similarly situated ("Original Complaint" or "OC") (ECF No. 1);

WHEREAS, USAP served requests for production and interrogatories on Musharbash relating to the claims asserted in the Original Complaint;

WHEREAS, on February 10, 2026, Plaintiff Christy Burbage filed the First Amended Class Action Complaint ("Amended Complaint" or "AC") (ECF No. 116) in this action, in which she replaced Musharbash as the named plaintiff and putative lead plaintiff, alleging claims purportedly on behalf of herself and two classes that are alleged to be similarly situated;

WHEREAS, on February 27, 2026, the Parties filed a Stipulation and Order Regarding Substitution of Plaintiff and Additional Defendants (ECF No. 122), which the Court entered on March 2, 2026;

WHEREAS, on April 9, 2026, Defendants served on Musharbash a subpoena for the production of documents;

WHEREAS, on May 1, 2026, Defendants served on Musharbash a subpoena to testify at a deposition;

WHEREAS, Musharbash objected to both subpoenas on several grounds, including that he is excluded from the putative classes alleged in the Amended Complaint that Burbage seeks to represent in this action;

WHEREAS, the putative class asserted in Musharbash's Original Complaint was defined as "[a]ll natural persons who, at least as far back as September 21, 2019, ('the Class Period'), paid all or a part of the cost of hospital-only anesthesia services provided by USAP or its co-conspirators in the Houston, Dallas-Fort Worth, or Austin MSAs." OC ¶ 193.

WHEREAS, the following persons, *inter alia*, were excluded from the putative class alleged in the Original Complaint: "Patients who paid only a flat copay amount for the relevant services." OC ¶ 194.c.

WHEREAS, Musharbash paid for the relevant services through a flat copay and deductible;

WHEREAS, the putative classes in this action, as alleged in the Amended Complaint, are

a. "As to Counts I, III, and V [of the Amended Complaint], all natural persons who directly paid all or a part of the cost of hospital-only anesthesia services provided by USAP or its co-conspirators in Texas at any time since September 21, 2019 until the effects of the unlawful conduct alleged herein ceases;" and

b. "As to Counts II, IV, and VI [of the Amended], all natural persons who directly paid all or a part of the cost of hospital-only or ASC-based anesthesia services provided by USAP or its co-conspirators in Texas at any time since September 21, 2019 until the effects of the unlawful conduct alleged herein ceases." AC ¶¶ 242-43.

WHEREAS, the following persons, *inter alia*, are excluded from the putative classes in the Amended Complaint: "Patients who paid for the relevant service only all or part of a fixed dollar amount (i.e., no co-insurance or deductible)." AC ¶ 244.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE that:

1. The term "fixed dollar amount," as used in paragraph 244 of the Amended Complaint, includes a co-payment made by an individual for healthcare services;

2. The Amended Complaint's exclusion from its putative classes of individuals who paid "a fixed dollar amount" for relevant anesthesia services serves to exclude all individuals who paid a co-payment, the amount of which was set by the terms of the individuals' health insurance plans, regardless of whether those individuals also paid a deductible for that service;

3. The Burbage Plaintiff does not presently seek to certify a class that includes individuals who received an anesthesia service from USAP for only one procedure during the Class Period (as defined in the operative Complaint) and paid a "fixed dollar amount"—*i.e.*, co-payment—for that anesthesia service, even if those individuals also paid a deductible for the same service;

4. Musharbash paid a "fixed dollar amount" (co-payment) and a deductible for the anesthesia services he received from USAP;

5. As of the filing of the Amended Complaint, Musharbash is not a member of, and is excluded from, the putative classes alleged in the Amended Complaint;

6. All documents produced by Musharbash in response to the document subpoena served by USAP shall be deemed authenticated for purposes of admissibility at any hearing, trial, or other proceeding in this action;

7. Burbage shall not object to the admissibility of documents produced by Musharbash on authentication grounds, but preserves all other objections to admissibility;

8. Defendants withdraw the deposition subpoena to Musharbash and will not seek to depose him in this action, so long as he remains excluded from the putative classes;

9. Other than as expressly specified in paragraph 7 above, Defendants reserve all rights, including the right to seek discovery or deposition testimony from Musharbash should either the Court or any plaintiff later amend the putative classes in a way that would include Musharbash as a member, even if the deadline for fact discovery has closed;

10. Should either the Court or any plaintiff later amend the putative classes in a way that would include Musharbash as a member, counsel for Mr. Musharbash agrees to make him available for a deposition promptly after the amendment, and counsel for Burbage and Mr. Musharbash agree that Defendants shall be permitted to depose Mr. Musharbash after the amendment, even if the deadline for fact discovery has closed;

11. Nothing in this stipulation shall be construed as an admission or concession by any Defendant that (a) any class could properly be certified as alleged in either the Original Complaint, the Amended Complaint, or otherwise in the action, (b) any claim or allegation in the Original Complaint or Amended Complaint has merit, or (c) the document and deposition subpoenas served by USAP on Musharbash were ever improper or unjustified; and

12. Nothing in this stipulation shall be construed as a waiver by Plaintiff of any objection to the subpoenas served on Musharbash.

Dated: July 27, 2026

| | |
|---|---|
| */s/ David A. Scupp*<br>Kellie Lerner (Pro Hac Vice)<br>David A. Scupp (Pro Hac Vice) | By: */s/ Julianne Jaquith* |

Michael E. Keramidas (Pro Hac Vice)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, Fl. 19 New York, NY 10122 Phone: (646) 960-8608
kellie@scl-llp.com
david@scl-llp.com
mkeramidas@scl-llp.com

Keagan H. Potts (Pro Hac Vice)
**SHINDER CANTOR LERNER LLP**
600 14th St. NW, 5th Fl. Washington, DC 20005
Tel.: (646) 960-8601
Fax: (646) 960-8625
kpotts@scl-llp.com

Justin S. Nematzadeh (Pro Hac Vice)
**NEMATZADEH PLLC**
101 Avenue of the Americas, Suite 909
New York, NY 10013 Phone: (646) 799-6729
jsn@nematlawyers.com

Barrett H. Reasoner (Attorney in Charge)
Federal ID No. 14922 State Bar No. 16641980
Brice Wilkinson
Federal ID No. 1277347 State Bar No. 24075281
Michael R. Davis
State Bar No. 24109793
Sarah M. Chavey
Federal ID No. 3936657
State Bar No. 24142776
Anne Fawcett Fogel
Federal ID No. 3955970
State Bar No. 24142906
**GIBBS & BRUNS LLP**
1100 Louisiana, Suite 5300
Houston, TX 77002
Phone: (713) 751-5244
breasoner@gibbsbruns.com
bwilkinson@gibbsbruns.com

Kimberly A. Justice (Pro Hac Vice)

Karl S. Stern (TX Bar No. 19175665)
(Federal I.D. No. 04870)
Christopher D. Porter (TX Bar No. 24070437)
(Federal I.D. No. 1052367)
Julianne Jaquith (TX Bar No. 24134925)
(Federal I.D. No. 3921126)
Melanie Guzman (TX Bar No. 24117175)
(Federal I.D. No. 3745044)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
700 Louisiana St., Suite 3900
Houston, TX 77002
Tel: (713) 221-7000
Fax: (713) 221-7100
karlstern@quinnemanuel.com
chrisporter@quinnemanuel.com
juliannejaquith@quinnemanuel.com
melanieguzman@quinnemanuel.com

Geoffrey M. Klineberg (D.C. Bar No. 444503) (*pro hac vice*)
Attorney-in-Charge
Kenneth M. Fetterman (D.C. Bar No. 474220) (*pro hac vice*)
Bradley E. Oppenheimer (D.C. Bar No. 1025006) (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
gklineberg@kellogghansen.com
kfetterman@kellogghansen.com
boppenheimer@kellogghansen.com

David J. Beck (TX Bar No. 00000070)
(Federal I.D. No. 16605)
Garrett S. Brawley (TX Bar No. 24095812)
(Federal I.D. No. 3311277)
BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, TX 77010
Tel: (713) 951-3700
Fax: (713) 951-3720
dbeck@beckredden.com

| | |
|---|---|
| **JUSTICE JAGHER LONDON & MILLEN LLC**<br>923 Fayette Street<br>Conshohocken, PA 19428<br>Phone: (484) 243-6335<br>kjustice@fklmlaw.com<br><br>Robert J. Wozniak (Pro Hac Vice)<br>**JUSTICE JAGHER LONDON & MILLEN LLC**<br>100 Tri-State International<br>Drive, Suite 128<br>Lincolnshire, IL 60069<br>Phone: (224) 632-4500<br>rwozniak@fklmlaw.com | gbrawley@beckredden.com<br><br>*Counsel for Defendants U.S. Anesthesia Partners Inc., U.S. Anesthesia Partners of Texas, P.A., and U.S. Anesthesia Partners Holdings, Inc.* |

SO ORDERED this ______ day of SEP 30 2026, 2026.

Alfred H. Bennett
United States District Judge